**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DARRYL CARTER,                          No. C 12-5537 MMC

12           Plaintiff,                       **ORDER DENYING PLAINTIFF'S**
                                              **SECOND MOTION FOR TEMPORARY**
13      v.                                    **RESTRAINING ORDER AND**
                                              **PRELIMINARY INJUNCTION**
     CLYDE REESE III, et al.,
14
             Defendants
15   _____/

16

17          Before the Court is plaintiff Darryl Carter's "Second Motion for Temporary

18   Restraining Order and Preliminary Injunction,"[1] filed November 6, 2012, by which plaintiff

19   seeks an order directing defendants Clyde Reese III, in his official and individual capacity

20   as Commissioner of Georgia Department of Human Services, and Keith Horton, in his

21   official and individual capacity as Director of the Division of Child Support Services, to

22   release a hold they assertedly have placed on his driver's license and directing nonparty

23   California Department of Motor Vehicles to process his driver's license application.  Having

24   read and considered plaintiff's motion, the Court hereby rules as follows.

25          The Court will deny plaintiff's request.  A district court has no authority to grant relief

26   in the form of temporary restraining order and permanent injunction where it has no

27   _____

28          [1] By order filed November 2, 2012, the Court denied plaintiff's first request for a
     restraining order, for failure to comply with Rule 65(b) of the Federal Rules of Civil
     Procedure.

1    jurisdiction over the parties.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584

2    (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district

3    court, without which the court is powerless to proceed to an adjudication.") (internal

4    quotation and citation omitted); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757

5    F.2d 1058 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for

6    lack of personal jurisdiction); see also Lockheed Missile & Space Co., Inc. v. Hughes

7    Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (noting "[t]he standard for issuing a

8    temporary restraining order is identical to the standard for issuing a preliminary injunction").

9            Plaintiff has failed to show this Court has jurisdiction over any defendant named in

10   his complaint.  In particular, both of the named defendants are officials of the state of

11   Georgia, and there is no showing they have any contacts with the state of California.  See

12   Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801-07 (9th Cir. 2004)

13   (discussing contacts necessary for general and specific jurisdiction).

14           Accordingly, plaintiff's motion is hereby DENIED.

15           **IT IS SO ORDERED.**

16

17   Dated:  November 9, 2012

18                                                              MAXINE M. CHESNEY
                                                              United States District Judge

19

20

21

22

23

24

25

26

27

28

                                                  2