1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   DARRYL CARTER,

10              Plaintiff,                    No. C 12-5537 MMC

11     v.                                     **ORDER GRANTING IN PART
                                              DEFENDANTS' MOTION TO DISMISS;**
12   CLYDE REESE III, et al.,                 **TRANSFERRING FEDERAL CLAIMS;
                                              DISMISSING STATE CLAIMS**
13              Defendants

14   _____/

15

16        Before the Court is defendants Clyde Reese III and Keith Horton's ("defendants")

17   Motion to Dismiss, filed December 21, 2012, in which said defendants' seek dismissal of

18   plaintiff's Second Amended Complaint ("SAC") on the following grounds:  (1) lack of

19   personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure;

20   (2) improper venue, pursuant to Rule 12(b)(3); and (3) failure to state a claim, pursuant to

21   Rule 12(b)(6).  Plaintiff has filed opposition, to which defendants have replied.  Having read

22   and considered the papers submitted in support of and in opposition to the motion, the

23   Court rules as follows.[1]

24                                    **BACKGROUND**

25        Plaintiff's claims arise from circumstances pertaining to his obligation to pay child

26   support.  Plaintiff's child resides in South Carolina.  (See SAC ¶ 13.)  A child support order

27   was issued in South Carolina and registered in Georgia, where plaintiff lived for a time.

28        _____

          [1]  By order filed January 30, 2013, the Court took the matter under submission and
     vacated the hearing scheduled for February 15, 2013.

United States District Court

For the Northern District of California

1  (See SAC ¶¶ 14, 18).  Plaintiff alleges the child support order was modified by defendants[2]

2  "without [his] knowledge, participation, awareness or consent" (see SAC ¶ 14), which

3  modification, according to plaintiff, increased the amount owed by plaintiff (see SAC ¶ 16).

4  Plaintiff further alleges defendants sent to his California address two letters asserting he

5  owed the increased amount (see SAC ¶¶ 20-21), "placed a hold" on his Georgia driver's

6  license (see SAC ¶ 25), and issued a "certification of arrears" (see SAC ¶ 39).  Based on

7  said allegations plaintiff brings claims based on both federal and state law.  (See SAC

8  ¶¶ 31-65.)

9                                    **DISCUSSION**

10  **I. Federal Claims**

11          In Counts I and II of the SAC, plaintiff alleges against defendants in their official

12  capacity claims under 42 U.S.C. § 1983, asserting in each such claim violations of his

13  procedural due process rights.  In Count I, plaintiff alleges defendants have issued a hold

14  on his license without providing him an opportunity to be heard; in Count II, he alleges

15  defendants issued a certification of arrears without providing him an opportunity to be

16  heard.  Plaintiff seeks injunctive relief as to both claims.  Defendants move to dismiss

17  Counts I and II pursuant to, inter alia, Rule 12(b)(3) of the Federal Rules of Civil Procedure,

18  on the ground that venue does not lie in this district.

19          As applicable to Counts I and II, federal law provides for venue in the following

20  judicial districts:

21          (1) a judicial district in which any defendant resides, if all defendants are
            residents of the State in which the district is located; (2) a judicial district in
22          which a substantial part of the events or omissions giving rise to the claim
            occurred, or a substantial part of property that is the subject of the action is
23          situated; or (3) if there is no district in which an action may otherwise be
            brought as provided [above], any judicial district in which any defendant is
24          subject to the court's personal jurisdiction with respect to such action.

25

26          [2] Defendant Clyde Reese III is the Commissioner of the Georgia Department of
    Human Services, and, at the time of the events at issue, defendant Keith Horton was the
27  Director of the Division of Child Support Services, an agency under the Georgia
    Department of Human Services.  (See SAC ¶ 4; Decl. Horton ¶ 4.)
28

                                          2

1   See 28 U.S.C. § 1391(b).  As discussed below, venue will not lie in this district under

2   § 1391(b).

3          First, venue is not proper under subsection (b)(1), as neither of the defendants is a

4   resident of this district.  (See Reese Decl. ¶ 4; Horton Decl. ¶ 4.)  Nor is venue proper

5   under subsection (b)(2), as no part, let alone a substantial part, of the events or omissions

6   giving rise to plaintiffs' § 1983 claims occurred in this district; rather, all said events are

7   alleged to have occurred in the State of Georgia and, indeed, the relief requested, if

8   granted, would require action be taken only in the state of Georgia.  (See SAC ¶¶ 36, 43.)

9   Lastly, subsection (b)(3) is of no avail to plaintiff, as defendants concede venue will lie in

10  the Northern District of Georgia (see Mot. 13:26-7) and the Court, in addition, so finds.

11         Next, having determined venue is improper in this district, the Court must decide

12  whether to dismiss or transfer plaintiff's federal claims.  See 28 U.S.C. § 1406(a) (providing

13  "the district court of a district in which is filed a case laying venue in the wrong division or

14  district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

15  division in which it could have been brought").  The decision whether to dismiss of transfer

16  is within the Court's discretion.  See Cook v. Fox, 537 F.2d 370, 371 (9th Cir.1976).  In the

17  exercise of such discretion, consideration should be given to facilitating an "expeditious

18  and orderly adjudication of [the] case[ ] and controvers[y] on [its] merits."  See Goldlawr, Inc. v.

19  Heiman, 369 U.S. 463, 466-67 (1962).

20         Here, as noted, there is another district in which the action could have been brought,

21  and the Court finds the interests of efficiency and economy will be better served by transfer

22  rather than dismissal.  See, e.g., 15 Charles A. Wright, Arthur R. Miller & Edward H.

23  Cooper, Federal Practice and Procedure § 3827 (3d ed. 2011) (noting "in most cases of

24  improper venue the courts conclude that it is in the interest of justice to transfer to a proper

25  forum rather than to dismiss the litigation"); Lum v. Carnival Cruise Lines, 1998 WL 118188,

26  at *2 (N.D. Cal. Feb. 27, 1998) (noting "[t]ransfer is preferred to the harsh remedy of

27  dismissal because it avoids any statute of limitations problems and the necessity of filing

28

                                            3

1    and serving a new action").

2         Accordingly, the Court will transfer plaintiffs' federal claims to the Northern District of

3    Georgia.

4    **II.  State Law Claims**

5         In Counts III, IV, and V, respectively, plaintiff alleges against defendants in their

6    individual capacities claims for "Negligence," "Intentional Infliction of Emotional Distress,"

7    and "Misrepresentation," which claims are, in each instance, based on defendants' alleged

8    improper placing of a hold on defendant's driver's license (see SAC ¶ 49), modification of

9    the child support order (see SAC ¶ 56), and "send[ing] or caus[ing] to be sent" to plaintiff

10   several "threatening letters" (see SAC ¶¶ 51, 57, 65).  Defendants move to dismiss said

11   claims pursuant to, inter alia, Rule 12(b)(2), on the ground that the Court lacks personal

12   jurisdiction over them.

13        In determining whether personal jurisdiction exists for state law claims, the Court

14   applies California law.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th

15   Cir.1998) (applying California law; noting "[t]here is no applicable federal statute governing

16   personal jurisdiction").  "California's long-arm statute permits a court to exercise personal

17   jurisdiction over a defendant to the extent permitted by the Due Process Clause of the

18   Constitution[, which] may be founded on either general or specific jurisdiction."  See id.  In

19   the instant case, general jurisdiction is not applicable, as defendants are not domiciled in

20   this state, nor has plaintiff alleged any activities in this forum that are "substantial" or

21   "continuous and systematic."  See id. (discussing requisite contacts for finding of general

22   jurisdiction).  The Court next considers whether specific jurisdiction exists.

23        With respect to specific jurisdiction, the Ninth Circuit has established a three-prong

24   test:

25          (1) The non-resident defendant must purposefully direct his activities or consummate
       some transaction with the forum or resident thereof; or perform some act by which
26          he purposefully avails himself of the privilege of conducting activities in the forum,
       thereby invoking the benefits and protections of its laws; (2) the claim must be one
27          which arises out of or relates to the defendant's forum-related activities; and (3) the
       exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must
28

4

1  be reasonable.

2  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

3  Purposeful availment can be satisfied where a defendant's "only contact with the forum

4  state is the purposeful direction of a foreign act having effect in the forum state." See Dole

5  Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (internal quotation and citation

6  omitted).  "[T]he 'effects' test requires that the defendant allegedly have (1) committed an

7  intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant

8  knows is likely to be suffered in the forum state."  Id.

9        A plaintiff bears the burden of establishing personal jurisdiction. See Rio Properties,

10  Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  Consequently, when a

11  defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to

12  come forward with facts, by affidavit or otherwise, supporting [such] jurisdiction."  See

13  Amba Mktg. Sys. v. Jobar Int'l, 551 F.2d 784, 787 (9th Cir. 1977).

14        Here, each of the defendants has submitted a declaration stating he does not have

15  direct responsibility for child support enforcement cases, that he "do[es] not know the

16  plaintiff," and that he is "not familiar with any aspect of [plaintiff's] child support case and did

17  not perform any work on that case."  (See Reese Decl. ¶ 6; Horton Decl. ¶ 6.)  In particular,

18  each defendant avers that he was "not involved in any way with the placement of any

19  suspension or hold on [plaintiff's] Georgia driver's license" (see  Reese Decl. ¶ 6; Horton

20  Decl. ¶ 6), and that he was "not involved in generating, sending or receiving any

21  correspondence in [plaintiff's] case" (see id.).

22        Plaintiff has offered no evidence contradicting any of the above-referenced

23  representations.  The only evidence submitted in opposition to the motion is what appear to

24  be two form letters, only one of which is addressed to plaintiff and neither of which is signed

25  by either of the defendants.  (See Opp'n, Ex. K.)

26        Accordingly, the motion to dismiss plaintiff's state law claims will be granted.

27  //

28

**CONCLUSION**

For the reasons stated above,[3] the Court hereby GRANTS in part defendants'
motion to dismiss as follows:

1.  To the extent the motion seeks dismissal of plaintiff's federal claims for lack of
venue, the motion is hereby GRANTED in part and, in lieu of dismissal, the federal claims
are hereby TRANSFERRED to the Northern District of Georgia pursuant to 28 U.S.C. §
1406(a).

2.  To the extent the motion seeks dismissal of plaintiff's state law claims for lack of
personal jurisdiction, the motion is hereby GRANTED and the state law claims are hereby
DISMISSED for lack of personal jurisdiction, without prejudice to plaintiff's refiling said
claims in the appropriate forum.

**IT IS SO ORDERED.**

Dated:  March 19, 2013

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of said findings, the Court does not address herein defendants' additional
arguments in support of dismissal.

6